**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANITA DORIS GLENN & ) | |
| LAUNIUS ROBERT GLENN, ) | |
|      Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3202-N-BH |
| ) | |
| RICHARD DOUGLAS RANNE, et al., ) | |
|      Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court is Launius Robert Glenn's *Application to Proceed In Forma Pauperis*, filed November 16, 2016 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed.

**I.  BACKGROUND**

On November 16, 2016, Launius Robert Glenn (Plaintiff) filed this action against the defendants and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By order dated November 18, 2016, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave him fourteen days to pay it. (*See* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than fourteen days have passed, but Plaintiff has not paid the fee or filed anything else in this case.

Plaintiff's complaint also lists his wife, Anita Doris Glenn, as a plaintiff, but she did not sign it. An order dated November 18, 2016 stated:

> Mr. Glenn may not bring this *pro se* case on behalf of Mrs. Glenn, even if he has a power of attorney for her.
>
> If Mr. Glenn wishes to pursue any claims on his own behalf, he must file an amended

  complaint that sets out only his own personal claims. If Mrs. Glenn wishes to pursue any claims on her own behalf, she must also file a complaint under her own signature. In the alternative, she and Mr. Glenn may jointly file an amended complaint that is signed by both and that sets out the claims of each party. *See* Fed. R. Civ. P. 11(a) (requiring that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party). A copy of the complaint Mr. Glenn submitted is enclosed for the parties' convenience. **Any amended complaint(s) must be filed within fourteen (14) days of the date of this order.**

(*See* doc. 7.) The order also specifically stated that if Mrs. Glenn wished to proceed *in forma pauperis*, she must file a properly signed and completed application within fourteen (14) days, and it warned that failure to comply with the order would result in a recommendation that her case be dismissed. *Id.* More than fourteen days have passed, but Mrs. Glenn has not filed her own complaint under her own signature or anything else, and the plaintiffs have not filed a joint amended complaint that has been signed by both parties.

## II. IN FORMA PAUPERIS

  Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

  Plaintiff's application includes income and asset information for himself and his spouse. It reflects that he has $526.00 in a bank account, and his spouse has $22,000 in an account. In assessing a plaintiff's financial ability, courts may consider the total monetary resources available to the plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009);

*see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and & $700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition)*; Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn. 1984) (request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F. Supp. 120, 1202 (D.P.R. 1982) (court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . ."). Based on the information in the application, Plaintiff has sufficient monetary resources available to pay the filing and administrative fees,[1] and his application to proceed *in forma pauperis* should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

---

[1] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

3

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated November 18, 2016, Plaintiff was given fourteen days to pay the filing fee. He was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. Because he failed to comply with an order that he pay the filing fee because he had sufficient assets with which to do so, his case should be dismissed.

### IV. REPRESENTATION OF SPOUSE

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978) (finding that power of attorney did not give a *pro se* individual who was not a licensed attorney the authority to represent another party before the court); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order dated November 18, 2016, Plaintiff was advised that he could not proceed with this action on behalf of Ms. Glenn despite his power of attorney, and that dismissal of her claims would be recommended if she did not file her own complaint within fourteen days, or if they did not jointly file an amended complaint that was signed by both. (*See* doc. 7). Ms. Glenn has not filed her own complaint or anything else, and the plaintiffs have not filed a joint amended complaint signed by both. Because she has not shown that she intends to prosecute her own claims in this case, and Plaintiff may not prosecute the complaint on her behalf, her claims are subject to dismissal.

4

## V. RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied, and his claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court. His wife's claims should also be dismissed without prejudice, unless she files her own complaint and an application to proceed *in forma pauperis* or pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 8th day of December, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE