# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ANITA DORIS GLENN & ) | |
| LAUNIUS ROBERT GLENN, ) | |
|           Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3202-N-BH |
| ) | |
| RICHARD DOUGLAS RANNE, et al., ) | |
|           Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court is Launius Robert Glenn's *Application to Proceed In Forma Pauperis*, filed January 9, 2017 (doc. 10). Based on the relevant filings and applicable law, the application should be **DENIED**.

## I.  BACKGROUND

On November 16, 2016, Launius Robert Glenn (Plaintiff) filed this action against the defendants and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By order dated November 18, 2016, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave him fourteen days to pay it. (*See* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than fourteen days passed, but Plaintiff did not pay the fee.

On December 8, 2016, it was recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order because Plaintiff had failed to pay the filing fee within fourteen days as ordered, after a finding that he had sufficient assets with which to pay the fee. (*See* doc. 6.) Plaintiff has now submitted a new application to proceed *in*

*forma pauperis.* (*See* doc. 10.)

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff's second application now reflects that he now has $300.00 in a bank account instead of $526.00, and $1000.00 in a business checking account. The new application no longer reflects that his spouse has $22,000.00 in an account, and it does not appear to list her monthly retirement income.[1] The application also now shows that Plaintiff owns a home valued at $141,000.00 free and clear of any mortgage. The information in the new application still reflects that Plaintiff has sufficient monetary resources available to pay the filing and administrative fees,[2] and his second application to proceed *in forma pauperis* should be denied.

## III. RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied.

---

[1] Plaintiff listed the same amount that he listed for his retirement income in the prior application, but it is listed in the space for his spouse's income.

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

**SIGNED this 10th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
